IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| OSWALDO CRUZ-VASQUEZ, LAZARO FAUSTINO CRUZ-ALDAY, JORGE CRUZ-RIOS, VICTOR MANUEL GONZALEZ-BARTOLON, DAVID LOPEZ-LOPEZ, ZENON JOSE MONTES-LOPEZ, ESTEBAN ORTIZ-VASQUEZ, ROGELIO SANDOVAL-APARICIO, and HERIBERTO VASQUEZ-ORTIZ, <br><br> Plaintiffs, <br><br> v. <br><br> SANDERS FARMS, INC., SANDERS BROTHERS, LLC, and BARTOLO L. HERNANDEZ, <br><br> Defendants. | * * * * * * * * * * * * * * * * * * * * | CV 615-048 |

**O R D E R**

On January 6, 2016, the Court denied the parties' joint motion for approval of settlement and Fair Labor Standards Act ("FLSA") fairness determination. (Doc. 26.) Since that time, the parties have filed status reports (Docs. 27, 28), and Defendants Sanders Farms, Inc., and Sanders Brothers, LLC, (collectively "Sanders Defendants") have filed the renewed motion for approval of settlement terms (Doc. 28) that is presently before the Court.

## I. DISCUSSION

In denying the parties' initial motion for approval of settlement, the Court highlighted three areas of concern: (1) the agreement's release provisions, (2) the proposed attorneys' fees and costs, and (3) Plaintiffs' joinder. Accordingly, the parties have filed status reports and the instant motion with the hope of relieving these concerns.

### A.  Release Provisions

The specific release provisions within the parties' proposed settlement agreement that the Court did not approve are as follows:

> 1. All claims . . . that the Plaintiffs . . . could have made in this action against [Defendants] are resolved. (Consent Order, Doc. 25-1, ¶ 8.)
>
> 2. [C]laims under the Trafficking Victims Protection Reauthorization Act, as amended in 2013, that the Plaintiffs . . . could have made in this action . . . are resolved. (Id.)
>
> 3. The release provisions of this Agreement and Consent Order provide a full and complete release of all claims and possible claims of each Plaintiff listed in paragraph 1 above to all [Defendants and their associates]. (Id. ¶ 19.)

In withholding its approval, the Court, without Eleventh Circuit precedent precisely on point, relied on the Middle District of Florida's decision in Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010). In Moreno, the district court provided that "[a]lthough inconsequential in the typical civil case (for

2

which settlement requires no judicial review), an employer is not entitled to use a FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." Moreno, 729 F. Supp. 2d at 1351. Moreover, the court in Moreno stated that pervasive releases should be barred from FLSA settlements because they confer "uncompensated, unevaluated, and unfair benefit[s] on the employer." Id.

Within their current motion, the Sanders Defendants provide three arguments as to why the Court should not rely on the Moreno decision. First, the Middle District of Florida is divided as to the propriety of general releases in FLSA settlements. See Rosado v. Superior Aircraft Servs., Inc., No. 6:13-cv-1727, slip op. at 6-8 (M.D. Fla. June 9, 2014), report and recommendation adopted, 2014 WL 5280539 (M.D. Fla. June 12, 2014); Caamal v. Shelter Mortg. Co., No. 6:13-cv-706, 2013 WL 5421955, at *4-5 (M.D. Fla. Sept. 26, 2013). Second, Plaintiffs are being compensated for FLSA claims that they would otherwise struggle to prove at trial. Third, lead counsel for Plaintiffs has extensive experience in representing farmworkers in FLSA cases, and he would not allow Plaintiffs to agree to an unfair settlement.

After reviewing the cases that the Sanders Defendants cite, it is apparent that some district courts within the Eleventh

Circuit have approved general liability releases in FLSA cases. However, this Court has consistently held that such provisions are improper. See <u>Cantrell v. Bryan Cnty. Bd. of Educ.</u>, No. CV 415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015)("Given the inclusion of the pervasive waiver provisions, the Court is unable to approve the parties' settlement agreement."); <u>Barnes v. Ferrell Elec., Inc.</u>, No. CV 113-056, 2013 WL 5651903, at *2 (S.D. Ga. Oct. 16, 2013)("[T]he Court warns that a pervasive release in the settlement agreement will be considered unfair and warrant denial of the joint motion for approval of the settlement."); see also <u>Marshall v. Good Vocations, Inc.</u>, No. CV 111-200, 2013 WL 394389, at *1 (S.D. Ga. Jan. 31, 2013)("[T]he release provision of the settlement covers only actions related to or arising under the FLSA and is therefore neither pervasive or unfair."). Thus, while the Court recognizes the Sanders Defendants' contentions, their arguments do not change the Court's position as to the agreement's releases. Moving forward, the Court encourages the parties to consider release provisions similar to those that this Court has previously approved.[1]

---

[1] See <u>Hernandez-Hernandez v. Hendrix Produce, Inc.</u>, No. 6:13-cv-53 (S.D. Ga. Oct. 9, 2014)(order in FLSA case approving release of "any other claims which could have been brought relating to [Plaintiffs'] pay or reimbursements while employed by Defendants or which necessarily should have been brought as part of the claims asserted in this suit"); <u>Tomason v. Stanley</u>, No. 6:13-cv-42 (S.D. Ga. June 23, 2014)(order in FLSA case approving release of "any other claims which could have been brought relating to [Plaintiffs'] pay,

4

### B. Attorneys' Fees and Costs

The proposed settlement agreement was also problematic because of the lack of information regarding attorneys' fees and costs. In their proposed settlement, the parties indicated that the Sanders Defendants would pay $1,500 in attorneys' fees and that Defendant Hernandez would pay $500 in court costs. Yet, the parties did not state whether these amounts "were agreed upon separately and without regard to the amount paid to Plaintiff[s] for back wages and liquidated damages." Barnes, 2013 WL 5651903, at *2. Thus, because the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement," the Court could not approve these amounts. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Within their recent status reports, however, the parties have stated that the agreed-upon attorneys' fees and costs "were negotiated separately" and that "[t]he fees and costs provided for in the agreement were in addition to those already negotiated for the Plaintiffs and did not reduce the funds to be

---

recruitment, or discrimination . . . while employed by Defendants or which necessarily should have been brought as part of the claims asserted in this suit"); Martinez-Garcia v. Plantation Sweets, Inc., No. 6:13-cv-43 (S.D. Ga. Nov. 27, 2013)(order in FLSA case approving release of "[a]ll other claims raised in the above captioned lawsuit including claims of contract violation").

5

provided [to] the Plaintiffs." (Doc. 27.) Consequently, so long as Plaintiffs' counsel does not seek to recover anything further, the Court's concerns regarding attorneys' fees and costs are relieved. See Hill v. Unifirst Corp., No. 6:13-cv-624, 2013 WL 4495130, at *3 (M.D. Fla. Aug. 20, 2013)(providing that attorneys' fees and costs were reasonable because they were agreed upon separately and they represented the full amount plaintiff's counsel would be paid); see also Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### C. Plaintiffs' Joinder

The Court's final concern with the proposed settlement agreement regarded the fact that fifteen plaintiffs were named in the agreement while only nine were named in the complaint. However, on July 1, 2015, Jorge Cruz-Gonzalez, Francisco Garcia-Hernandez, Francisco Hernandez-Hernandez, Rodrigo Leon-Reyes, Victorino Reyes-Santiago, and Armando Sandoval-Barrios each signed and filed a notice of consent to join this action as a plaintiff. (Doc. 2.) Therefore, these individuals have properly opted in to this suit and may settle their claims in the same fashion as the other named Plaintiffs.[2] See 29 U.S.C. § 216(b).

---

[2] In its previous order, the Court also directed a representative of the deceased Plaintiff, Zenon Jose Montes-Lopez, to file a motion to substitute pursuant to Federal Rule of Civil Procedure 25(a)(1). (Doc. 26.) However, based on the parties' joint status report, the Court has since learned that

## II. CONCLUSION

For the reasons above, the Court **DENIES** the Sanders Defendants' renewed motion for approval of settlement terms (Doc. 28). Accordingly, the Court **ORDERS** the parties to file a revised settlement agreement or a report detailing the status of their negotiations **no later than May 31, 2016**. Additionally, the Court **DIRECTS** the Clerk to add Jorge Cruz-Gonzalez, Francisco Garcia-Hernandez, Francisco Hernandez-Hernandez, Rodrigo Leon-Reyes, Victorino Reyes-Santiago, and Armando Sandoval-Barrios as Plaintiffs of record.

**ORDER ENTERED** at Augusta, Georgia, this 20th day of April, 2016.

THE HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

the costs of such a measure would outweigh its benefits. (Doc. 27.) Therefore, the Court waives its prior requirement and will not order substitution. See Fed. R. Civ. P. 25(a)(1) ("If a party dies and the claim is not extinguished, the Court *may* order substitution of the proper party.") (emphasis added); Williams v. Scott, No. 07-22617-Civ, 2010 WL 5791517, at *2 (S.D. Fla. Sept. 3, 2010)(providing that the Court has "substantial discretion to interpret [Rule 25] liberally so as to effectuate its underlying purpose" of "ensur[ing] that all those having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights").

7