UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| Oswaldo Cruz-Vasquez, Lazaro Faustino Cruz-Alday, Jorge Cruz-Rios, Victor Manuel Gonzalez-Bartolon, David Lopez-Lopez, Zenon Jose Montes-Lopez, Esteban Ortiz-Vasquez, Rogelio Sandoval-Aparicio and Heriberto Vasquez-Ortiz, Jorge Cruz-Gonzalez, Francisco Garcia-Hernandez, Francisco Hernandez-Hernandez, Rodrigo Leon-Reyes, Victorino Reyes-Santiago and Armando Sandoval-Barrios, <br><br> Plaintiffs, <br><br> v. <br><br> Sanders Farms, Inc., Sanders Brothers, LLC and Bartolo L. Hernandez, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 6:15-cv-00048-JRH-GRS |

**Consent Order and FLSA Fairness Determination**

Plaintiffs and Opt-In Plaintiffs in the above action, all of whom are recognized as "Plaintiffs" by this Court's Order filed April 21, 2016 [DE 29], and all of whose names are listed in paragraph 1 below, and Defendants in the above action, Sanders Farms, Inc., Sanders Brothers, LLC, and Bartolo L. Hernandez, enter into this Consent Order to resolve this suit and all claims brought on behalf of the Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Count I) and as claims for alleged breach of contract (Count II) as detailed below in accordance with this Court's Order of April 21, 2016 [DE 29]. The parties further recognize that Plaintiffs include all those who were originally listed on the Complaint filed May 1, 2015

1

[DE 1] as Plaintiffs and all those who filed Notices of Consent to Sue in this Action, also on May 1, 2015 [DE 1-2].

1. Plaintiffs are: Lazaro Faustino Cruz-Alday, Jorge Cruz-Gonzalez, Jorge Cruz-Rios, Oswaldo Cruz-Vasquez, Francisco Garcia-Hernandez, Victor Manuel Gonzalez-Bartolon, Francisco Hernandez-Hernandez, Rodrigo Leon-Reyes, David Lopez-Lopez, Zenon Jose Montes-Lopez[1], Esteban Ortiz-Vasquez, Victorino Reyes-Santiago, Rogelio Sandoval-Aparicio, Armando Sandoval-Barrios, and Heriberto Vasquez-Ortiz. It is understood and agreed that the Court shall enter this Agreement as a Consent Order and that the parties shall use their best efforts to obtain entry of this Agreement and Consent Order as a formal Order of this Honorable Court. The Defendants agree to submit to the jurisdiction of this Court for the purpose of allowing Plaintiffs to enforce the terms of this Agreement concerning payment and concerning the promise of a hiring opportunity under the conditions set forth in this Agreement for the crop seasons beginning in the fall of 2016 through the fall of 2018. The hiring promises expire after the fall of 2018.

2. Defendants Sanders Farms, Inc. and Sanders Brothers, LLP (collectively, "the Sanders Defendants") stipulate to the entry of Judgment against them in the amount of Thirty-One Thousand, Five Hundred Dollars ($31,500.00) (the "Sanders Payment") in favor of the fifteen (15) Plaintiffs who are listed in paragraph 1 of this Agreement and Consent Order, further stipulating that the payment that would otherwise have been made to Zenon Jose Montes-Lopez who is deceased shall be paid to his Estate or to his widow Cristina

---

[1] In accordance with the Order of this Court entered April 21, 2016 [DE 29], pages 6-7, fn. 2, the widow of Plaintiff Zenon Jose Montes-Lopez, Cristina Virginia Jimenez-Mora, is recognized as standing in the place of Mr. Montes-Lopez for the purposes of receiving all payments due to Mr. Montes-Lopez under the terms of this Court Order.

FPDOCS 31741637.1

Virginia Jimenez-Mora as set forth below. The parties recognize that Sanders Brothers, LLC contends that it does not engage in any farming operations, and they agree that the Sanders Defendants may decide between themselves which of them shall pay the "Sanders Payment" so long as such a payment is made in full and in accordance with the terms of this Agreement and Consent Order. Both of the Sanders Defendants deny all claims against them by or on behalf of each and all of the Plaintiffs listed in paragraph 1 above.

    a. Of this total "Sanders Payment," Thirty Thousand Dollars ($30,000) shall be payable to the Plaintiffs, and One Thousand, Five Hundred Dollars ($1,500) shall be payable to Georgia Legal Services Program as attorneys' fees.

    b. The portion of the Sanders Payment due to be paid to each Plaintiff except for deceased Plaintiff Zenon Jose Montes-Lopez shall be paid to the Georgia Legal Services Program Client Trust Account in separate checks, in trust for each separate Plaintiff with each Plaintiff's name in the notes field, within ten (10) business days of the approval of this Agreement and Consent Order by this Honorable Court. Defendant Hernandez has provided all parties tax-identification information. Additionally, Plaintiffs will provide IRS Form W-8ECI or other appropriate tax document at least seven (7) days before any such payment is due to Defendants. The payment that would be made to the deceased Zenon Jose Montes-Lopez shall be paid to the Georgia Legal Services Program Client Trust Account upon receipt by the Defendants of a form W-8 ECI or other appropriate tax document from Cristina Virginia Jimenez-Mora or from the Estate of Zenon Jose Montes-Lopez for the payment. When forwarding the tax documents,

      Plaintiffs' counsel shall direct whether the payment is to be made to the Estate of Zenon Jose Montes-Lopez or Ms. Jimenez-Mora.

    c. The full amount of attorneys' fees shall be payable to Georgia Legal Services Program within ten (10) business days of the approval of this Agreement and Consent Order by this Honorable Court.

3. Defendant Bartolo L. Hernandez stipulates to the entry of Judgment against him in the amount of Eight Thousand Dollars ($8,000) in favor of the fifteen (15) Plaintiffs who are listed in paragraph 1 of this Agreement and Consent Order.

    a. Of this amount, Seven Thousand, Five Hundred Dollars ($7,500) shall be payable to the Plaintiffs. Five Hundred Dollars ($500) shall be payable to Georgia Legal Services Program as court costs.

    b. Defendant Hernandez shall pay Seven Thousand Dollars ($7,000) within ten (10) business days of the approval of this Agreement and Consent Order by this Honorable Court, and the remaining One Thousand Dollars ($1,000) by August 1, 2016. These monies shall be paid to the Georgia Legal Services Program Client Trust Account. Plaintiffs and the Estate of Zenon Jose Montes-Lopez or Christina Virginia Jimenez-Mora must provide Mr. Hernandez appropriate tax documents before any payment is due.

4. Of the total of Thirty-Nine Thousand, Five Hundred Dollars ($39,500), Thirteen Thousand, Two Hundred Twelve Dollars and Thirty-Eight Cents ($13,212.38) is paid as alleged unpaid FLSA minimum wages, as detailed in Attachment 1.

5. The payment of claimed FLSA minimum wages shall be made, as detailed in Attachment 1. The parties recognize that all of these individuals were employed pursuant to an H-2A visa and thus no Medicare or FICA contributions are due based on the payments of these alleged unpaid wages.

6. An amount equal to that paid as claimed unpaid minimum wages represents claimed liquidated damages, as provided for in the Fair Labor Standards Act, 29 U.S.C. § 216(b), as detailed in Attachment 1.

7. The sum of Eleven Thousand Seventy-Five Dollars and Twenty-Four Cents ($11,075.24) represents claimed back wages to Plaintiffs pursuant to their contract claim, as detailed in Attachment 1. The gross amounts, less applicable deductions, payable respectively by one of the Sanders Defendants and Bartolo Hernandez as provided in paragraphs 4, 5, 6, and 7 of this Agreement and Consent Order to each of the respective Plaintiffs listed in paragraph 1 above are set forth in Attachment 1. The Sanders Defendants shall not be responsible for the payment or failure of payment by Bartolo Hernandez. Likewise, Bartolo Hernandez shall not be responsible for the payment or failure of payment by one or both of the Sanders Defendants. The only monetary payments pursuant to this Agreement and Consent Order are set forth with respect to the Sanders Defendants on the one hand and Bartolo Hernandez on the other hand, and they have no joint liability for payment under this Agreement and Consent Order.

8. In accordance with the maximum permissible scope of release available to the Defendants as permitted by the Order of this Court entered April 21, 2016 [DE 29], pages 4-5, fn. 1, all claims raised in the above captioned lawsuit for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for breach of contract alleged by the

Plaintiffs, and that necessarily should have been made part of the claims asserted in this lawsuit against the Sanders Defendants and Defendant Hernandez, are resolved as to each and all of the Plaintiffs listed in paragraph 1 above.

9. As an inducement for the Plaintiffs to enter into this Agreement and Consent Order, Defendant Hernandez promises that from now through the fall of 2020, neither he nor his close family members, including Jil Hernandez, Juana Rojas and Ramon Hernandez will petition for, recruit, hire, or supervise any H-2A workers. Defendant Hernandez also promises that he will not act as a crewleader or supervisor of agricultural workers from now through the fall of 2018. The provisions of this paragraph create no obligation on the Sanders Defendants.

10. The parties understand among them that an inducement for the Plaintiffs to enter into this Agreement and Consent Order is the prospect of future lawful employment within the United States. Therefore, Sanders Farms, Inc. agrees that beginning with the fall of 2016 harvest season, it will take all necessary and reasonable steps to meet any needs for such workers to engage in hand-planted, hand-cultivated, or hand-harvest work including such work in melons, cucumbers, broccoli, onions and weeding, if such work, in aggregate, will last more than three (3) consecutive weeks, through what is known as the H-2A program (as provided at 8 U.S.C. § 1188) or its substantially equivalent successor, if there be any, by providing a timely job order under such program and using its best efforts to obtain approval of such job order by the appropriate agency or agencies of the United States Government. Should Sanders Brothers, LLC engage in farming operations, or allow others beyond Sanders Farms to lease or rent any land for cultivation beyond 250 to 300 acres leased or rented to third parties, it agrees that beginning with the fall of

2016, it will take all necessary and reasonable steps to meet any needs for such workers, including contractually requiring any lessee or renter of such land that exceeds 250 to 300 acres in total to all lessees or renters, except for Sanders Farms, to meet such needs, to engage in hand-planted, hand-cultivated, or hand-harvest work including such work in melons, cucumbers, broccoli, onions and weeding, if such work, in aggregate, will last more than three (3) consecutive weeks, through what is known as the H-2A program (as provided at 8 U.S.C. § 1188) or its substantially equivalent successor, if there be any, by providing a timely job order under such program and using its best efforts to obtain approval of such job order by the appropriate agency or agencies of the United States Government.

11. If Sanders Farms, Inc. or Sanders Brothers, LLC, or the corporate successor of either, if any, or any of their officers individually should engage in farming as an individual or through a different corporation that any one of them or the officers of Sanders Farms, Inc. or Sanders Brothers, LLC own or control, the Sanders Defendants respectively agree to hire and pay directly all hand-harvesting, hand-cultivating, and hand-planting workers, and they shall not rely on a farm labor contractor to provide such hand-planting, hand-cultivating, or hand-harvesting services through personnel on the farm labor contractor's payroll, if any such work as described above shall in the aggregate last more than three (3) consecutive weeks.  If the respective Sanders Defendants hire hand-planting, hand-cultivating, or hand-harvesting workers via the H-2A program under this paragraph, Plaintiffs shall be provided an opportunity for employment each season from the fall of 2016 through the fall of 2018, under such terms and conditions as then in effect with respect to other employees similarly employed by either Sanders Farms, Inc. or Sanders

7

Brothers, LLC, or any corporation that either Sanders Farms, Inc. or Sanders Brothers, LLC owns or controls.

12. If any H-2A job order be filed by either of the Sanders Defendants, the Defendant making such filing or its counsel will inform Plaintiffs through their counsel of the preparation or filing of each such job order at least 75 days in advance of the anticipated start date listed on the job order. If after the fall of 2017, no Plaintiffs have returned, this notice provision will no longer be effective, and no notice under this Agreement and Consent Order shall be required.

13. Neither Sanders Farms, Inc. nor Sanders Brothers, LLC nor any of the corporate officers of either company personally, shall transfer assets of any of them to a Sanders individual, wife, child or sibling of any Sanders ("close family member") or an entity belonging to such a close family member to avoid the obligations of this Agreement and Consent Order. This Agreement and Consent Order will remain in effect for the stated period even if either of the Sanders Defendants transfers assets provided that either such respective Defendant retains operational control, conducts any farming operations, or resumes any farming operations during the period set forth in paragraph 1 above.

14. The Plaintiffs in this matter who wish employment as provided for under this Agreement and Consent Order in the fall of 2016 shall so inform Sanders Farms, Inc. or Sanders Brothers, LLC if either submits an H-2A job order, through Plaintiffs' counsel at Georgia Legal Services, who shall timely provide such information to counsel for the respective Sanders Defendants of the respective Plaintiff's desire, if employment becomes available as provided for under this Agreement and Consent Order, no later than fifty-five (55) days before the expected work start date based on any job order or similar document filed

with the U.S. Department of Labor by Sanders Farms, Inc. or Sanders Brothers, LLC. In the event that Dawson Morton is unavailable to Plaintiffs, Claimants may provide such notice through any other attorney of Georgia Legal Services, who shall so inform counsel for the respective Sanders Defendants, Ann Margaret Pointer, by email to apointer@fisherphillips.com, with copies to Walter J. Kruger at wkruger@fisherphillips.com and Terri R. Stewart at tstewart@fisherphillips.com. Counsel may provide each other notice of substitution of counsel for these purposes at any time by email, and counsel receiving notice of such change shall promptly acknowledge receipt of such notice. Notice of a Plaintiff's desire for employment under this Agreement and Consent Order shall not be deemed to have been made to Sanders Farms, Inc. or Sanders Brothers, LLC, as may be applicable, until such counsel for the respective Sanders Defendant has acknowledged receipt of such notice. Such notice of any desire for employment under the terms of this Agreement and Consent Order shall be promptly acknowledged by one or more of the above listed counsel for the respective Sanders Farms, Inc. or Sanders Brothers, LLC, as applicable.

15. For Plaintiffs hired in the fall of 2016, future employment shall also be available to each of them, if hand-planting, hand-cultivating, or hand-harvesting workers are needed for any consecutive period of three (3) or more weeks, provided such individual Plaintiff's work performance and compliance with applicable rules during employment pursuant to this Agreement and Consent Order was satisfactory, and provided that application by Sanders Farms, Inc. or Sanders Brothers, LLC, as applicable, to participate in a temporary work visa program is approved. For Plaintiffs who do not ask for rehire in the fall of 2016, they may do so for the spring or summer of 2017 season, if a separate job

order is filed, or the fall 2017 season, or spring, summer or fall 2018 seasons under the same terms and procedures as described above. Their eligibility for employment in any subsequent season through the expiration of this Agreement and Consent Order shall be determined on the same basis as those who apply to work and work during the fall 2016 season. The obligations of this Agreement and Consent Order shall expire after the fall 2018 season.

16. In light of the death of Plaintiff Zenon Jose Montes-Lopez during the pendency of this suit, the Sanders Defendants and Defendant Hernandez have agreed that the settlement payments owed to him shall be paid to his widow, Cristina Virginia Jimenez-Mora, as provided in paragraphs 2 and 3 above and as outlined in Attachment 1 to this Consent Order. The parties agree and understand that pursuant to the Order of this Court entered April 21, 2016 [DE 29], pages 6-7, fn. 2, the Court has approved, and through entry of this Order confirms its approval of, the payment of amounts otherwise to be paid to Mr. Montes-Lopez to Ms. Jimenez-Mora as set forth in paragraphs 2 and 3. Ms. Jimenez-Mora is not, however, entitled to any future employment opportunity under the terms of this Consent Order.

17. This Agreement and Consent Order constitutes the entire agreement between and among the parties, and no change or additional term shall have any force or effect unless written and signed by counsel for all parties or by the parties themselves and entered by the Court. No oral understandings, statements, promises or inducements contrary to the terms of this Agreement and Consent Order exist.

18. In consideration of the monetary and non-monetary provisions of this Agreement and Consent Order, Plaintiffs and the Defendants resolve their disputes and agree to dismissal of the above lawsuit with prejudice on the terms of this Agreement and Consent Order.

19. This Agreement and Consent Order shall be construed and governed under the laws of the State of Georgia and shall bind the parties and their respective heirs, estates, successors, and assigns. The release provisions of this Agreement and Consent Order as set forth in Paragraph 8 provide a full and complete release of all such claims of each Plaintiff listed in paragraph 1 above to all officers, directors, employees, close family members, and agents of Sanders Farms, Inc., Sanders Brothers, LLC, and Bartolo L. Hernandez, as well as each and all of the three (3) Defendants in the above action. The parties specifically agree that if this settlement agreement and release as memorialized in this Agreement and Consent Order is not approved as fair and reasonable under the requirements of *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) and other relevant authority, then it is void, and the Defendants shall respond to the Complaint in the above action within twenty-one (21) days of the determination by this Court that this Agreement and Consent Order may not be entered.

20. Respective counsel for the parties have express authority to enter into this Agreement and Consent Order on behalf of their respective clients pursuant to O.C.G.A. § 15-19-5.

Having reviewed this settlement proposal and reasons therefore, including the representations of counsel and upon a determination that the settlement is fair and reasonable under applicable authority, IT IS THEREFORE ORDERED that the foregoing terms and

FPDOCS 31741637.1

conditions of this Agreement be, and the same are, hereby approved and incorporated fully into this Consent Order.

SO ORDERED this \_\_\_\_ day of _____, 2016.

_____
JUDGE, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Respectfully submitted and consented to this 24th day of May, 2016.

_____
Dawson Morton
Georgia Bar No. 525985
Laura Rivera
Georgia Bar No. 143762
Georgia Legal Services – Atlanta
104 Marietta St., N.W.
Suite 250
Atlanta, GA 30303
(404) 463-1633 – Telephone
(404) 463-1623 – Facsimile
dmorton@glsp.org
lrivera@glsp.org
**Counsel for Plaintiffs**

Respectfully submitted and consented to this 31s day of \_\_May\_\_, 2016.

_____
Ann Margaret Pointer
Georgia Bar No. 582750
Terri R. Stewart
Georgia Bar No. 244624
FISHER & PHILLIPS LLP
1075 Peachtree St., NE
Suite 3500
Atlanta, GA 30309
(404) 240-4223 – Telephone
(404) 240-4249 – Facsimile
apointer@fisherphillips.com
tstewart@fisherphillips.com
**Counsel for the Sanders Defendants**

12

Respectfully submitted and consented to this 26 day of _____May_____, 2016.

By Ann w/ permission

Kimberly R. Cameron
Georgia Bar No. 175048
250 West Liberty Avenue
Lyons, GA 30436
(912) 403-3328 – Telephone
(912) 388-3509 – Facsimile
kimberly@cameronlawfirm.net
**Counsel for Defendant Hernandez**

13

FPDOCS 31741637.1

Attachment 1 - Settlement Amounts per Plaintiff/Opt-In Plaintiff

| | First Name | Last Name | Total Claims | FLSA Backpay Claims | Liquidated Portion of FLSA Claims | FLSA Claims as % of Total Claims | H-2A Contract Claims | Contract Claims as % of Total Claims | Due by Sanders Defs ||| Due by Defendant Hernandez |||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | FLSA Wage and Liquidated Damage Claims | H-2A Contract Claims | Total due by Sanders Defs | FLSA Wage and Liquidated Damage Claims | H-2A Contract Claims | Total due by Def. Hernandez |
| 1 | Lazaro Faustino | Cruz-Alday | $1,761.58 | $575.82 | $575.82 | 65.38% | $609.94 | 34.62% | $921.32 | $487.95 | $1,409.27 | $230.33 | $121.99 | $352.32 |
| 2 | Jorge | Cruz-Gonzalez | $2,409.94 | $836.26 | $836.26 | 69.40% | $737.42 | 30.60% | $1,338.01 | $589.94 | $1,927.95 | $334.50 | $147.48 | $481.99 |
| 3 | Jorge | Cruz-Rios | $1,551.78 | $569.36 | $569.36 | 73.38% | $413.06 | 26.62% | $910.97 | $330.45 | $1,241.42 | $227.74 | $82.61 | $310.36 |
| 4 | Oswaldo | Cruz-Vasquez | $2,157.52 | $710.19 | $710.19 | 65.83% | $737.14 | 34.17% | $1,136.30 | $589.71 | $1,726.02 | $284.08 | $147.43 | $431.50 |
| 5 | Francisco | Garcia-Hernandez | $3,081.97 | $1,121.05 | $1,121.05 | 72.75% | $839.88 | 27.25% | $1,793.67 | $671.90 | $2,465.58 | $448.42 | $167.98 | $616.39 |
| 6 | Victor Manuel | Gonzalez-Bartolon | $2,832.67 | $1,023.06 | $1,023.06 | 72.23% | $786.55 | 27.77% | $1,636.90 | $629.24 | $2,266.14 | $409.22 | $157.31 | $566.53 |
| 7 | Francisco | Hernandez-Hernandez | $3,270.01 | $1,216.93 | $1,216.93 | 74.43% | $836.16 | 25.57% | $1,947.08 | $668.93 | $2,616.01 | $486.77 | $167.23 | $654.00 |
| 8 | Rodrigo | Leon-Reyes | $2,594.74 | $938.80 | $938.80 | 72.36% | $717.15 | 27.64% | $1,502.07 | $573.72 | $2,075.79 | $375.52 | $143.43 | $518.95 |
| 9 | David | Lopez-Lopez | $2,860.53 | $1,086.35 | $1,086.35 | 75.95% | $687.82 | 24.05% | $1,738.17 | $550.25 | $2,288.42 | $434.54 | $137.56 | $572.11 |
| 10 | Zenon Jose | Montes-Lopez | $3,933.12 | $1,257.10 | $1,257.10 | 63.92% | $1,418.92 | 36.08% | $2,011.36 | $1,135.14 | $3,146.50 | $502.84 | $283.78 | $786.62 |
| 11 | Esteban | Ortiz Vasquez | $1,859.75 | $655.44 | $655.44 | 70.49% | $548.86 | 29.51% | $1,048.71 | $439.09 | $1,487.80 | $262.18 | $109.77 | $371.95 |
| 12 | Vietorino | Reyes-Santiago | $2,012.72 | $686.84 | $686.84 | 68.25% | $639.05 | 31.75% | $1,098.94 | $511.24 | $1,610.18 | $274.73 | $127.81 | $402.54 |
| 13 | Rogelio | Sandoval-Aparicio | $2,509.53 | $861.49 | $861.49 | 68.66% | $786.55 | 31.34% | $1,378.38 | $629.24 | $2,007.62 | $344.60 | $157.31 | $501.91 |
| 14 | Armando | Sandoval-Barrios | $2,833.95 | $1,031.92 | $1,031.92 | 72.83% | $770.12 | 27.17% | $1,651.07 | $616.09 | $2,267.16 | $412.77 | $154.02 | $566.79 |
| 15 | Heriberto | Vasquez-Ortiz | $1,830.18 | $641.78 | $641.78 | 70.13% | $546.62 | 29.87% | $1,026.85 | $437.30 | $1,464.15 | $256.71 | $109.32 | $366.04 |

**TOTAL  $37,500.00**